**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM MONDIER, suing as:
William Forrest Mondier,

        Petitioner - Appellant,

    v.

ERIC FRANKLIN, Warden, James
Crabtree Correctional Center,

        Respondent - Appellee.

No. 08-5054
(N.D. Oklahoma)
(D.C. No. 4:04-CV-00629-CVE-FHM)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

---

Appellant, William Mondier, seeks a certificate of appealability ("COA")
from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254
habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be
taken from a final order disposing of a § 2254 petition unless the petitioner first
obtains a COA). Because Mondier has not "made a substantial showing of the
denial of a constitutional right," this court **denies** his request for a COA and
**dismisses** this appeal. *Id*. § 2253(c)(2).

Mondier was convicted by an Oklahoma jury of endeavoring or attempting to manufacture a controlled drug, unlawful possession of a controlled drug, maintaining a place resorted to by users of controlled drugs, and unlawful possession of a radio set capable of receiving police frequencies. He brought a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), raising twelve claims of error. The OCCA denied relief on all claims except a double jeopardy claim and two claims related to Mondier's conviction and sentence for maintaining a place resorted to by users of controlled drugs.

Mondier then filed three applications for state post-conviction relief. All three were denied. He filed the instant § 2254 federal habeas petition on August 16, 2004.[1] In his federal petition, Mondier raised eleven claims of error, including numerous due process claims relating to his prosecution and trial, ineffective assistance of counsel claims, and a claim of factual innocence. Specifically, Mondier alleged: (1) he is factually innocent, (2) the drug-identification protocol used by the prosecution violated due process, (3) he was convicted on the basis of a duplicitous information sheet, (4) he was tried and convicted based on a defective and invalid complaint, (5) the burden of proof was unconstitutionally shifted to him, (6) prosecutorial misconduct denied him a fair

---

[1]Mondier filed a fourth application for post-conviction relief on June 18, 2007. He then filed a motion seeking to amend his § 2254 petition to include claims raised in that fourth application. The district court denied the motion. This court subsequently denied Mondier's request for authorization to file a second or successive § 2254 habeas petition.

trial, (7) the trial court failed to properly instruct the jury on a lesser included offense, (8) the trial court failed to give his counsel adequate time to prepare for trial, (9) his trial counsel was ineffective, (10) his appellate counsel was ineffective, and (11) his due process and equal protection rights were violated by Oklahoma's appellate and post-conviction procedures.

Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded the OCCA's adjudication of three of Mondier's claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The court next determined that Mondier's claim relating to the trial court's failure to instruct on a lesser included offense did not raise a federal constitutional question. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Finally, the court concluded Mondier's remaining claims were procedurally defaulted in Oklahoma state court. The court determined it was procedurally barred from considering the claims because Mondier failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In his appellate brief, Mondier presents nineteen arguments, including assertions he was entitled to an evidentiary hearing and the district court

improperly denied him the right to amend his federal habeas petition.[2]  To be

entitled to a COA, Mondier must make "a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he

must demonstrate "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed

further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted);

*see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a

district court dismisses a habeas petition on procedural grounds, a petitioner is

entitled to a COA only if he shows both that reasonable jurists would find it

debatable whether he had stated a valid constitutional claim and debatable

whether the district court's procedural ruling was correct).  In evaluating whether

Mondier has satisfied his burden, this court undertakes "a preliminary, though not

definitive, consideration of the [legal] framework" applicable to each of his

claims.  *Miller-El* at 338.  Although Mondier need not demonstrate his appeal will

succeed to be entitled to a COA, he must "prove something more than the absence

of frivolity or the existence of mere good faith."  *Id.* (quotations omitted).

　　This court has reviewed Mondier's application for a COA and appellate

brief, the district court's orders, and the entire record on appeal pursuant to the

---

[2]To the extent Mondier attempts to raise new claims not properly presented
to the district court, we do not consider those claims.  *Parker v. Scott*, 394 F.3d
1302, 1307 (10th Cir. 2005).

-4-

framework set out by the Supreme Court in *Miller-El* and concludes that Mondier is not entitled to a COA. The district court's resolution of Mondier's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Because Mondier's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Further, the district court did not err in refusing to permit Mondier to amend his § 2254 habeas petition because the claims he sought to add were time barred. Neither did the court err in concluding it was prohibited by Fed. R. Civ. P. 6(b) from granting Mondier's motion for extension of time to file a Rule 59(e) motion.

Because Mondier has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Mondier's request for a COA and **dismisses** this appeal. Appellant's motion to proceed in forma pauperis is **denied** as moot.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

-5-